IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| LINDA D. PERSINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:17-cv-00102-BP |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Plaintiff Linda Persinger ("Persinger") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for disability insurance benefits ("DIB") under Title II and Title XVI of the Social Security Act ("SSA"). ECF No. 1. After considering the pleadings, briefs, and the administrative record, the Court **AFFIRMS** the Commissioner's decision.

**I.    STATEMENT OF THE CASE**

Persinger filed an application for DIB on June 11, 2014, alleging that her disability began on May 12, 2013. (Transcript ("Tr.") 161). The Commissioner denied her claim initially and on reconsideration, and Fields requested a hearing, which was held on March 29, 2016, before Administrative Law Judge ("ALJ") Trace Baldwin, with Persinger and her attorney, Brad Johnson, present. *Id.*  Vocational Expert ("VE") David Couch testified at the hearing. (Tr. 10). The ALJ issued his decision on July 12, 2016, finding that Persinger was not entitled to disability benefits. (Tr. 19).

In his decision, the ALJ employed the statutory five-step analysis. At step one, he found that Persinger had not engaged in substantial gainful activity since May 12, 2013, the alleged

disability onset date. (Tr. 12). At Step Two, he found that Persinger had the medically determinable impairments of migraine headaches, hyperlipidemia, cervical and lumbar degenerative disc disease, colitis with diarrhea, obesity, anxiety disorder, and affective disorder. (Tr. 12). The ALJ then found that Persinger did not have an impairment or combination of impairments that was severe. (Tr. 13). The ALJ did not continue past Step Two and denied Persinger's claim. (Tr. 19).

The Appeals Council denied Persinger's request for review on May 25, 2017. (Tr. 6). Therefore the ALJ's decision became the Commissioner's final decision and is properly before the Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) ("[T]he Commissioner's final decision includes the Appeals Council's denial of a request for review.").

## II. FACTUAL BACKGROUND

According to Persinger's pleadings, testimony at the administrative hearing, and the administrative record, she was fifty-six years old on the alleged disability onset date, and fifty-eight years old at the time of the administrative hearing. (ECF No. 17 at 5). The highest grade of schooling she completed was high school. *Id.* Persinger had past work as a nurse's aide, hostess, caregiver, and janitor. *Id.*

## III. STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. Pt. 404. The SSA defines a disability as a "medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months" that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

2

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be presently working at any substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" means work activity involving the use of significant physical or mental abilities for pay or profit. *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1527. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see Stone v. Heckler*, 752 F.2d 1099, 1100-03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 404.1520(d). Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to her past relevant work. 20 C.F.R. § 404.1520(e). Fifth, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience. *Crowley v. Apfel*, 197 F.3d 197, 197-98 (5th Cir. 1999); 20 C.F.R. § 404.1520(f). "The claimant bears the burden of showing that [she] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Before proceeding to steps four and five, the Commissioner must assess a claimant's RFC—"the most [a claimant] can still do despite [her] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1).

The Court's decision is limited to a determination of whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Audler*, 501 F.3d at 447; *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "Substantial

evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if evidence is present. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Harris*, 209 F.3d at 417. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (quoting *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)).

## IV.     ANALYSIS

Persinger raises two issues on appeal. First, she argues that the ALJ erred by determining none of her impairments were severe. Second, she argues that had the ALJ properly determined her impairments at Step Two, Persinger should have been found disabled.

**A.     The ALJ did not err in determining Persinger's migraine headaches were not severe under the applicable standards.**

At step two of the five-step process, the ALJ determines whether the claimant has an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see also Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). As defined in the Social Security Regulations ["Regulations"], a severe impairment is "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). "Finding that a literal application of these regulations would be inconsistent with the Social Security Act, the Fifth Circuit has held that an impairment is not severe 'only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work.'" *Hall v. Astrue*, No. 3:11-CV-1929-BH, 2012 WL

4167637, at *9 (N.D. Tex. Sept. 20, 2012) (citing *Stone*, 752 F.2d at 1101, 1104–05). In *Stone*, the court interpreted the term "severe" found in 20 C.F.R. § 404.1520(c) and § 416.920(c) to mean that an impairment is "considered not severe only if it is a slight abnormality" that has such a "minimal effect on the individual that it would not be expected to interfere with an individual's ability to work," irrespective of age, education or work experience. *Loza v. Apfel,* 219 F.3d 378, 390–91 (5th Cir. 2000) (citing *Stone*, 752 F.2d at 1101). The Fifth Circuit also held that "[a]n impairment is severe if it significantly limits an individual's physical or mental abilities to do basic work activities; it is not severe if it is a slight abnormality or combination of slight abnormalities that has no more than a minimal effect on the claimant's ability to do basic work activities." *Brunson v. Astrue*, 387 Fed. App'x 459, 461 (5th Cir. 2010).

Here, the ALJ at Step Two found that Persinger does not have an impairment or combination of impairments that has significantly limited—or is expected to significantly limit—her ability to perform basic work-related activities. (Tr. 13). Specifically, the ALJ found that Persinger would be able to do the following basic work activities: physical functions; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.*

In reaching his decision, the ALJ considered all of Persinger's symptoms in light of the objective medical evidence of record. The ALJ considered the fact that Persinger worked part-time at Best Western Hotel from June 2014 to July 2015—during the period of disability, and medical source opinions. (Tr.14). He also considered multiple lay witness statements concerning Persinger's impairments; medical records; Persinger's testimony; and descriptions of Persinger's daily activities. (Tr. 14–18).

5

Persinger argues that the ALJ erred in determining that her migraines were non-severe, as they cause work related limitations and substantial evidence supports that her migraines are in fact severe. ECF No. 17 at 9–13. Specifically, Persinger argues that the following evidence supports her position: (1) hospitalization at United Regional Hospital from November 23, 2013 to November 27, 2013; and (2) lay witness statements that Persinger has been fired due to excessive absences. ECF No. 17 at 11. In response, the Commissioner argues that Persinger's sole objective medical evidence is her one time hospitalization in November 2013, and the rest of the medical record does not support her claims. ECF No. 18 at 8. The Court agrees.

First, Persinger's one time hospital admission in November 2013 is the only objective evidence in the record that she relies on. However, and as the Commissioner argues, Persinger does not address the ALJ's discussion of Persinger's use of Topamax and how the medication "worked very well" for her migraines. (Tr. at 15). For pain to rise to the level of disabling, that pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). The ALJ's determination of whether pain is disabling is entitled to considerable deference. *See id.* A medical condition that can be reasonably controlled with medication or treatment is not disabling unless the claimant establishes that he cannot afford medication and can find no other way to obtain it. *See Lovelace v. Bowen,* 813F.2d 55, 59 (5th Cir.1987). The ALJ found, and the record supports the conclusion, that Persinger's migraines could be controlled with Topamax—finding that Persinger was able to sustain work even with treatment for migraine headaches. (Tr. 15).

Although the record indicates that Persinger took Topamax until at least December 2013, Persinger states that she no longer takes the medication because she is unable to afford it. (Tr. 290; ECF No. 17 at 6). If a "claimant cannot afford prescribed treatment or medicine, and can find no

6

way to obtain it, 'the condition that is disabling in fact continues to be disabling in law.'" *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987) (citing *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986)). A claimant must show that she could not obtain medical treatment from other sources. *Id.* Persinger does not point to any evidence nor argue that she did not have access to free or low-cost medical services. *See Mason v. Comm'r*, No. 3:08-CV-236-O (BH), 2009 WL 400831, at *9 (N.D. Tex. Feb. 13, 2009) (O'Connor, J.) ("Because Plaintiff has not shown that she did not have access to free or low-cost medical services, the requirement that the ALJ consider Plaintiff's inability to pay for medical treatment does not apply."). Thus, Persinger has not met her burden to sufficiently plead this claim.

Even if the Court were to consider this claim, "the ability to afford treatment is relevant only when the treatment in question would remedy an otherwise disabling impairment." *Charland v. Astrue,* Civ. Action No. 3:08–CV–1072–B, 2010 WL 624047, at *9 (N.D. Tex. Feb. 22, 2010). Here, the record does not indicate that Persinger's migraines were severe and persistent impairments. "Diagnosis of a condition, by itself, is not evidence of a functional limitation." *De La Rosa v. Astrue,* No. EP–10–CV–351–RPM, 2012 WL 1078782, at *18 (W.D. Tex. March 30, 2012) (citing *Brock v. Astrue,* No. 3–10–CV–1399–BD, 2011 WL 4348305, at *3 (N.D. Tex. Sept. 16, 2011)). Therefore, even if the ALJ erred in assuming Persinger could afford Topamax, such error is harmless. *Charland,* 2010 WL 624047, at *9 (citing *Frank v. Barnhart,* 326 F.3d 618, 622 (5th Cir. 2003)).

Next, Persinger relies on lay witness statements to support her claims that migraine headaches are severe and limit her ability to maintain employment. The ALJ is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly. *Holmes v. Colvin*, 555 Fed.Appx. 420, 422 (5th Cir. 2014) (citing *Greenspan v.*

*Shalala*, 38 F.3d 232, 237 (5th Cir. 1994)). Furthermore, an ALJ is entitled to weigh the evidence provided by medical experts and lay witnesses alike, and does not err in finding medical opinions more persuasive than the claimant's subjective evidence. *See Greenspan*, 38 F.3d at 237.

The ALJ considered statements from Lauren Nunno (Persinger's daughter), Kayla Strickland (Persinger's daughter), and Persinger's former supervisor and co-workers. ECF No. 16–18. The ALJ considered Nunno's statement concerning Persinger's migraines, but assigned greater weight to the State Agency Medical Consultants' reports on that point. (Tr. 18). Furthermore, the ALJ found that the lay witness statements were not consistent with the State Agency Medical Consultants' reports and objective medical evidence. *Id.* In *Salmond v. Berryhill*, the Fifth Circuit recently found that the ALJ's determination that the claimant did not have a severe impairment or combination of impairments was not supported by substantial evidence because "every doctor in [the] record determined that Salmond had a severe impairment." ___ F.3d ___, 2018 WL 3015052, at *4 (5th Cir. 2018). Unlike *Salmond*, in this case, all consultative examinations found that Persinger did not suffer from any work related limitations and that her impairments were not severe. (Tr. 48, 55, 65, 74). When no objective evidence supports a lay person's testimony, such as the case here, the ALJ has discretion to reject it "because the observations of an individual, particularly a lay person, may be colored by sympathy for the affected relative or friend and influenced by that person's exaggeration of his limitation." *Green v. Astrue,* 10–CV–01075, 2011 WL 3502478, at *15 (S.D. Tex. Aug.10, 2011) (citing *Harrell v. Bowen,* 862 F.2d 471, 482 (5th Cir.1988)) (per curiam).

Further, the ALJ considered the fact that Persinger was able to engage in daily activites without any limitations. (Tr. 16–18). Specifically, the ALJ found that Persinger was able to perform her own personal care, babysit her four grandchildren, do household chores, drive, manage

finances, and carry on the activities of daily living with no difficulty. (Tr. 16). *See Griego v. Sullivan,* 940 F.2d 942, 944–945 (5th Cir. 1991) (finding that an ALJ may consider a claimant's daily activities, along with other evidence, when she evaluates the credibility of the claimant's allegations of disability). In addition, the ALJ considered the fact that Persinger worked during the alleged disability period as evidence that Persinger's impairments—singly and in combination— "do not significantly limit" her ability to perform basic work activities. (Tr. 19); *See Musgrove v. Astrue*, No. 3:07-CV-0920-BD, 2009 WL 3816669, at *3 (N.D. Tex. Nov. 13, 2009) (Retaining an "ability to work while experiencing an impairment suggests that the impairment is not severe.") (citations omitted).

Because the ALJ found Persinger's migraine headaches to be a non-severe impairment, he had no need to assess such impairment under the Listings at Step Three. *See Rabel v. Barnhart*, No. SA04-CA-0375-XR, 2005 WL 1388567, at *2 (W.D. Tex. June 8, 2005) ("Only a severe impairment allows for continuation on to step three. At step three, the severe impairment is compared with a list of specific impairments."). Accordingly, the Court finds that substantial evidence supports the ALJ's finding that Persinger's migraine headaches do not rise to the level of a severe impairment under the applicable standard.

**B.     The ALJ made a proper Step Two determination.**

Persinger also argues that based on her age, education, and work experience, she should be found disabled under the Social Security Regulations. ECF No. 17 at 11–13. Specifically, Persinger contends that because the VE stated that a hypothetical individual limited to light, unskilled work would be unable to perform any of Persinger's past jobs, that had the ALJ proceeded past Step Two, the ALJ would have found Persinger's impairments to be severe. ECF No. 17 at 12. The Commissioner responds that Persinger's argument is moot because the ALJ did not proceed past Step Two, and that "based on the fact that the ALJ found that Plaintiff had no

9

severe impairments, there is no record evidence to support Plaintiff's claim that she would be limited to light or sedentary work." ECF No. 18 at 15–16. In support, the Commissioner points to the ALJ's findings that Persinger had no limitations in activities of daily living and social functioning, and only mild limitations in concentration, persistence, or pace—and thus there is no basis for her claim that she would be limited to just unskilled work. *Id.*

Although Persinger contends that she was prejudiced because the ALJ stopped at Step Two of the analysis, her allegations are purely speculative. *See Hyde v. Astrue*, 2009 U.S. App. LEXIS 10228*11 (5th Cir. May 12, 2008) (holding that more than a speculative assertion is necessary to show prejudice from an ALJ's failure to fully develop the record). Thus, to show such prejudice, Persinger must present more than mere speculation. Here, the ALJ properly considered the entire record in finding that Persinger's impairments singly and in combination were not severe, and the determination is supported by substantial evidence. Accordingly, reversal is not warranted.

## V. CONCLUSION

The Court finds that substantial evidence in the record supports the ALJ's Step Two determination. The Court therefore **AFFIRMS** the Commissioner's decision.

Signed June 25, 2018.

                                                                                   _____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE